## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM FAMBROUGH,** | ) | **CASE NO.: 1:22-cv-00992** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **J BRIDGET MEEHAN BRENNAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF EAST CLEVELAND**, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

---

### REPLY BRIEF TO PLAINTIFF RESPONSE TO DEFENDANTS'
### MOTION TO DISMISS UNDER FRCP 12(B)(6) OR, IN THE
### ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT PER FRCP  56

---

Brian A. Morris (0093530))
Benjamin A. Field
Caroline Grace Brothers
Institute for Justice
901 North Glebe Road, Suite 900
Telephone (703) 682-9320
bmorris@ij.org
bfield@ij.org
cgbrothers@ij.org

Counselors for Plaintiff

Willa Hemmons (0041790)
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
Telephone (216) 681-2169
Counsel for City of East Cleveland,
*et al.*

whemmons@eastcleveland.org

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ iii

RESTATEMENT OF THE INTRODUCTION……………..…………………………1

RESTATEMENT OF THE FACTS……………………………………………………6

      REPLY TO DISMISSAL AND, OR SUMMARY JUDGMENT PLTFF RESPONSE .... 5

    ..
    I.      DEFENSE ELEMENTS FOR DISMISSAL  IN THE ALTERNATIVE
             ARE MET PER  FED.R.CIV.P.12(b)(6)………….……………………6
    .
    .
    II.     DEFENSE ELEMENTS FOR SUMMARY JUDGMENT ARE MET PER
             FED.R.CIV.P.56………………….....…………….………………10

CONCLUSION......................................................................................................... 12

## TABLE OF AUTHORITIES

### Cases

*Anderson v. Creighton*, 483 U.S. 635*)* .................................................................................... 10

*Argabrite v. Neer,* 2016-Ohio-8374 .................................................................................. *passim*

*Ashcroft v. Iqbal, 556 U.S. 662 (2009)* ................................................................................... 6

*Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F. 3d 545 (6th Cir. 2007)................. 7

*Barnier v. Szentmiklosi,* 810 F2d 594 (Sixth Circ., 1987) ............................................... *passim*

*Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397 (1997) ............................................................. 7

*Bell Atl. Corp. v. Twombly,*550 U.S. 544 (2007 ...................................................................... 6

*Bivens v. Six Unknown Agnts of Fed. Bur of Narcotics,* 403 U.S. 388 (1971) ................... *passim*

*Bonner-Turner v. City of Ecorse,* 627 F. App'x 400, 413-14 (6th Cir. 2015................................ 8

*Bowersock, et al., v. Addlesburger*, 2019 Ohio 5447................................................................ *passim*

*Burgess v. Fischer,* 735 F 3d 462 (6th Cir. 2013) ................................................................... 7

*Center v. City of W. Carrolton,* 227 F. Supp. 2d 863 (2002)............................................ *passim*

*City of Tahlequah, Oklahoma v. Bond,* 595 US.____(2021 .................................................. 2,11

*Cook v. Ohio Nat'l Life Ins. Co., 961 F3d 850* (6th Cir. 2020) ............................................ 6

*District of Columbia v. Wesby,* 138 S.Ct. 577, 589-90 (2018) ............................................... 5

*Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir. 2005*)* .......................................................... 7

*Ford v. Cnty. Of Grand Traverse,* 535 F.3d. 483, 495-96 (6th Cir. 2008) ...................................... 7

*Godawa v. Byrd, ,* 798 F. 3d  457 at 462-63 (6th Cir. 2015) ............................................... 2

*Graham v. Connor,* 490 U.S. 386 objectively reasonable standard for excessive force ............... 7

*Handy-Clay v. City of Memphis,* (6th Cir. 2012) ................................................................. 6

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982)................................................................... 2,3,10

*Hoffman, et al. v. Gallia County Sheriff's Office, et al.,*2017-Ohio-9192………………...*passim*

*Huffman, et al., v. Village of Newburgh Hts., et al., 2018 Ohio 1095* ............................................ 3

*Jones v. Muskegon Cnty.,* 625 F.3d 935, 941 (6th Cir. 2010) ................................................ 6

*Latitis v. Phillips, 878 F. 3d 541, 547 (6th Cir. 2017* ............................................................ 4

*Monell v. Department of Soc. Svcs,* 436 U.S. 658 (1978) ..................................................... 8,9

*Mitchell v. Forsyth,* 472 U.S. 511.................................................................................... 10

*Mullenix v. Luna,* 577 U.S. 7 (2015)............................................................................ *passim*

*Nouri v. Cnty of Oakland,* 615 F. App'x 291, 296 (6th Cir. 2015); .............................................

*Pearson v. Callahan,* 555 U.S. 223 (2009) ..................................................................... 2,3

*Pendry v. City of Troy Police Department, et al.,* 2020-Ohio-8374 .................................... *passim*

*Pierson v. Ray,* 386 U.S. 547 (1967) ................................................................................. 2

*Plinton v. Cnty. Of Summit,* 540 F. 3d 459, 464 (6th Cir. 2008) ........................................... 7

*Ramey v. Mudd,* 2003 Ohio 5170 .................................................................................. *passim*

*Rivas-Villegas v. Cortesluna,* S.Ct Case No 20- 1539 (2021) .................................................. 2,11

*Sandusky v. Smith,* 2012 U.S. Dist. LEXIS 142225............................................................ *passim*

*Saucier v. Katz, 533 U.S. 194 (2001* .............................................................................................9,10

*Shadrick v. Hopkins Cnty,* 805 F. 3d 724 (6th Cir. 2015) ................................................6

*Shorts v. Bartholomew,* 255 F. App'x 46, 58 (6th Cir. 2007); …………………………………8

*Smith v. Freland,* 954 F. 2d 343, 347 (6th Cir. 1992). ....................................................3

*Stewart v. City of Euclid, Ohio,* No. 18-3767 (6th Cir. 2020…………….…………………3,4,5

*Thompson v. Clark, U.S. S Ct. No. 20-659 (2021)*…...…………………….………….…..7

*United States v. Zayn Al-Abidin Muhammed Husayn, S Ct No. 20-827 N*………..……….…..2

*Wallace v. Coffee Cnty.,* 852 F. App'x 871, 876 (6th Cir. 2021) ......................................7

*White v. Pauly,* 137 S. Ct. 548 (2017) not violate clearly established rights ...............................2

*Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989) .....................................*passim*

## Statutes

42 U.S.C. § 1983....................................................................................................6,8

ECMC 509.15.............................................................................................................5

ECMC 351.11.............................................................................................................5

ECMC 335.10A ..........................................................................................................5

## Rules

Civ.R. 12((b)(6)..........................................................................................................2

Civ.R. 56 ..................................................................................................................9

<u>REPLY TO DISMISSAL AND, OR SUMMARY JUDGMENT PLTFF RESPONSE</u>

- DEFENSE ELEMENTS FOR DISMISSAL ARE MET PER FED.R.CIV.P.12(b)(6)

- DEFENSE ELEMENTS FOR SUMMARY JUDGMENT ARE MET PER FED.R.CIV.P.56

## <u>RESTATEMENT OF THE INTRODUCTION</u>

The outlandish Plaintiff *Response to Dismissal and/or Summary Judgment* are as preposterous as is his Don Quixote Fighting Windmills theory purported in his Complaint. All of Plaintiff pleadings belie the unequivocal federal law supporting Dismissal; or, alternatively Summary Judgment based his claims. Again, "Qualified Immunity shields an officer from liability "insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) ((*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "Qualified immunity thus entails two steps that can be undertaken in any order (10 whether the public official's conduct violated a constitutional right,, and (2) whether that right was clearly established at the time of the events *Godawa v. Byrd, ,* 798 F. 3d 457 at 462-63 (6th Cir. 2015).

Qualified Immunity pioneered by the U.S. Supreme Court in *Pierson v. Ray,* 386 U.S. 547 (1967) stated that it was the preferred result in cases such as this in order to avoid the expense and unnecessary use of resources of a trial. This view was re-affirmed in *Harlow v. Fitzgerald,* 457 U.S. 800 (1982), reified in *Graham v. Connor,* 490 U.S. 386 which set the applicable herein, objectively reasonable standard for excessive force ;and, firmly established in the last term of the U.S. Supreme Court by the multiple cases of *Rivas-Villegas v. Cortesluna,* S.Ct Case No 20- 1539 (2021); *Thompson v. Clark, No. 20-659; City of Tahlequah, Oklahoma v. Bond,* 595 US.____(2021; and, *United States v. Zayn Al-Abidin Muhammed Husayn*, S Ct No. 20-827 (2021). Likewise, prosecutors have **absolute** immunity under federal and state law

The law enforcement officers represented here hardly violated any 'firmly established rights' *White v. Pauly,* 137 S. Ct. 548 (2017) when they used appropriate police containment methods to stop Plaintiff's riotous rampage driving on sidewalks and lawns through the streets

of East Cleveland.  They were acting soundly within appropriate City policies and procedures acting pursuant to legitimate training protocols when they had to forcibly extricate him from his car when he refused to roll down his driver's window or open his car door to obey police commands to exit the vehicle..

## **RESTATEMENT OF THE FACTS**

Continuing from his Complaint, in his *Response,* his illusory pursuit of imaginary dragons, Plaintiff  purports to expound upon "standard practice" of the City's permit process to profess that only one signature is needed for a permit. *Response*, P.2, ¶'s 1.  That incorrect assertion, aside, Plaintiff forgets that in 2019, he also ***paid*** for the sound permit. That is something that he never did in the underlying premise of this action.  That is, Plaintiff failed to pay for a permit in order to have a legitimate right to exercise for the exemption provided in East Cleveland Municipal Code Section 509.15.

Despite his self-serving piety and misapplied righteousness, he cannot explain the noise complaints that his neighbors made disturbing the peace and tranquility of their homes.  None of his pleadings explain why he pled, with Counsel, to an offense that he later would claim was a violation of his Constitutional rights.  Neither does he address his thus far unsuccessful legal complaints against the City—or, why he never returned the City equipment after his contract for video services was concluded—the real reason for his angst against the City.  Not to say what living with a wife for a number of years in a 'leafy' neighborhood has to do with Constitutional rights.  If he was such an upright Citizen, why did he not return City property? To take his pettiness to a Federal Court is the real travesty of this case.   Any resulting damage to his 23 year old truck could have been avoided if he had simply handed over the keys when the officers asked him to do so. Any resulting damage to his car tires was the consequence of

reasonable police action.  *Huffman, et al., v. Village of Newburgh Hts., et al., 2018 Ohio 1095; Stewart v. City of Euclid, Ohio,* No. 18-3767 (6th Cir. 2020).

Plaintiff did not have an established right to ignore the laws of the City of East Cleveland, albeit misdemeanors, and in essence tell them to 'bug off.' As the U.S. Supreme Court opined in *Harlow v. Fitzgerald, Id.:*

"...government officials performing discretionary functions generally, are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known," 457 U.S. 815-819. *Also see, Pearson v. Callahan,* 555 U.S. 223 (2009)

After advising Plaintiff Fambrough several times on their visits, Officers Allen, Nevels, Majercik and Wood acted reasonably and responsibly to ensure the health, safety and welfare of the community as well as themselves.

Plaintiff's factual recitation of his position also lacks support by this federal District inasmuch as the Sixth Circuit has clearly accepted the viability of the Qualified Immunity defense in the case of *Stewart v. City of Euclid, Ohio, Id.*  The Sixth Circuit  *Stewart* case involved an officer shooting a resistant suspect after the officer was inside the suspect's vehicle::

"The Fourth Amendment in the United States Constitutions protects against unreasonable seizures, which includes excessive force by law enforcement officers." *Latitis v. Phillips, 878 F. 3d 541, 547 (6th Cir. 2017).*  However, the Sixth Circuit ruled that "The reasonableness of a seizure [in this instant Plaintiff Fambrough's truck] depends on context officers may use "some degree of physical coercion or threat" to effect a [result], but the amount of force must be objectively reasonable under the totality of the circumstances."

4

*Graham v. Conner, Id. Also see, Tennessee v. Garner, 471 U.S. 1, 9 (1985).* And, the *Stewart* Court went on to note that in assessing the actions of the officers "the most critical factor is the immediate danger to officers and members of the public in the area," *Cass v. City of Dayton,* 770 F. 3d 368 (6th Cir. 2014). When an officer has probable cause to believe a suspect will refuse reason, "It is not constitutionally unreasonable" to take commiserate action by, here, towing Fambrough's truck, *Garner,* 471 U.S. at 1. Here, the listed, represented officers hardly used deadly force. They only used that force necessary to tow the truck after Fambrough was obstinately unreasonable in giving them the keys.

And to further aver that, the officers were the ones that insisted on towing the truck away "even though Willaim and at least three other drivers were able to move the van away, *Id.* ¶¶ 108–09, 116–21, 135" is misrepresentative when Plaintiff was there defiantly flouting authority.

Such disconnects make the *Stewart* Court's observations that much more palpable when it wrote: "The circumstances, and their totality, are considered as they would have appeared to "a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham,* 490U.S. at 396. "We take care not to "allow the theoretical, sanitized world of imagination to replace the dangerous and complex world that policemen face every day." *Smith v. Freland,* 954 F. 2d 343, 347 (6th Cir. 1992).

Most importantly, no where in Plaintiff's *Response* has in set forth any 'clearly established' rights [First, Fourth, Fifth or Sixth] with the high degree of specificity for Fourth Amendment or Constitutional purposes required by the U.S. Supreme Court. *District of Columbia v. Wesby,* 138 S.Ct. 577, 589-90 (2018).

Plaintiff made no objections during his criminal/traffic proceedings of any police mistreatment pleading voluntarily, willingly and knowingly on 9/27/21 to Disorderly Consuct in violation of East Cleveland Municipal Code (ECMC) 509.03e2.

Hence, Plaintiff cannot allege unreasonable misconduct pursuant to legal process in the criminal proceeding against him as it was not "formally ended in a manner not inconsistent with his innocence; or that the proceeding "ended in a manner that affirmatively indicates his innocence." *Thompson v. Clark, U.S. S Ct. No. 20-659 (2021)*.

Further, Plaintiff's claim that East Cleveland rights violations are 'well documented, with absolutely no citations or support is oxymoronic to say the least; and, thus patently lacks credibility. And, as noted in Plaintiff's response, the only Officers represented here are those who were acting within the scope of their employment in their official capacities.

## RESTATEMENT OF THE MOTION

## DEFENSE ELEMENTS FOR DISMISSAL ARE MET PER
## FED.R.CIV.P.12(b)(6)

When deciding a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Cook v. Ohio Nat'l Life Ins. Co., 961 F3d 850* (6th Cir. 2020) quoting *Handy-Clay v. City of Memphis*, (6th Cir. 2012)  .The Court adopts this framework to determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).  The complaint will be found plausible on its face only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal.*. 556 U.S. at 678.  And, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 ( *citing Twombly,* 550 U.S. at 556).  Thus, "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id. at 679; Twombly,* 550 U.S. at 556. A 'the defendant did it' allegation does not suffice, *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F. 3d 545 (6th Cir. 2007).

Further, to prevail against a municipality on a cause of action under 43 U.S.C. §1983, a Plaintiff must prove 1) a deprivation of a right secured by the Constitution or laws of the United States was 2) caused by a person acting under the color of state law. *Shadrick v. Hopkins Cnty,* 805 F. 3d 724 (6th Cir. 2015) *quoting Jones v. Muskegon Cnty.,* 625 F.3d 935, 941 (6th Cir. 2010).  "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: 1) the existence of an illegal official policy or legislative enactment; 2) that an official with final decision making authority ratified illegal actions: 3) the existence of a policy of inadequate training or supervision; or 4) the existence of a custom or tolerance or acquiescence of federal rights violations." *Burgess v. Fischer,* 735 F 3d 462 (6th Cir. 2013; *Wallace v. Coffee Cnty.,* 852 F. App'x 871, 876 (6th Cir. 2021).

While the first theory only requires a plaintiff to "identify" a formal policy, the latter three require more. *Ford v. Cnty. Of Grand Traverse,* 535 F.3d. 483, 495-96 (6th Cir. 2008).. Locating a 'policy' ensures that municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality..  *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397 (1997).  Turning to the second theory, "a custom" can give rise to municipal liability when the practice is so widespread as to have the forth of law. *Northv. Cuyahoga Cnty,* 754 F. App'x 380, 386 (6th Cir. 2018) (*quoting Brown,* 520 U.S. at 404-05.

The third theory requires a plaintiff to show: 1) a training program is inadequate to the task the officer must perform, 2) the inadequacy is a result of the municipality's deliberate indifference; and, 3) the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *Bonner-Turner v. City of Ecorse,* 627 F. App'x 400, 413-14 (6th Cir. 2015 (*quoting Plinton v. Cnty. Of Summit,* 540 F. 3d 459, 464 (6th Cir. 2008). To show "deliberate indifference" under this theory, a plaintiff must "show prior instances of unconstitutional conduct demonstrating that the City has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. *Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir. 2005*); see Berry v. City of Detroit,* 25 F.3d 1342, 1354 (6th Cir. 1994) (citing *City of Canton v. Harris,* 489 U..S. 3778 (1989). Deliberate indifference is a stringent standard of fault requiring proof that a municipal actor disregarded a known or obvious consequence of his action. A way for a plaintiff to meet this burden is to point to past incidents of similar police conduct that authorities ignored. A single violation , accompanied by a showing that a municipality has failed to train its employees to handle recurring situations, could trigger municipal liability. However, mere allegations that an officer was improperly trained or that an injury could have been avoided with better training are insufficient to make out deliberate indifference." *Harvey v. Campbell Cnty,* 453 F. App'x557. 563 (6th Cir. 2011.

Fourth, to demonstrate that a municipality follows a "custom of tolerance" or inaction toward constitutional harm, the Sixth Circuit, "require[s] plaintiffs to show (1) a 'clear and persistent pattern' of misconduct, (2) notice or constructive notice on the part of the municipality, (3) the defendant's tacit approval of the misconduct, and (4) a direct causal link to the violations." *Nouri v. Cnty of Oakland,* 615 F. App'x 291, 296 (6th Cir. 2015); *see also Powers v. Hamilton Cnty. Pub. Defender Comm'n,* 501 F. 3d 592, 607 (6th Cir. 2007). The

Sixth Circuit has affirmed lower courts' decisions to grant motions to dismiss in similar cases where the plaintiff "has only his experience on which to rely" and does not allege "similar incidents" involving others. *Shorts v. Bartholomew,* 255 F. App'x 46, 58 (6th Cir. 2007); *see e.g., Garretson v. City of Madison Heights,* 407 F. 3d 789, 795-96 (6th Cir. 2005). ("But we have never found notice of a pattern of misconduct (or the pattern itself) solely from the mistreatment of the plaintiff.")  A municipality "may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Monell v. Department of Soc. Svcs,* 436 U.S. 658 at 694.  Foti's forced rehiring by a Labor Arbitrator pursuant to a Collective Bargaining Agreement certainly is not an indication of the City of East Cleveland's "policy, practice, and custom of enabling police officers employed by ECPD to violate the Fourth Amendment rights of residents in East Cleveland without consequence or accountability." *Pltff. Response,* P. 4 ¶2.

Again, neither do Plaintiff's ***uncorroborated***  third party 'terms of endearment statements in his *Response* that, "There is also ample objective evidence that there would have been no enforcement but for William's political advocacy;."… and, "The complaint also alleges facts to show the noise ordinance is never enforced against activity like William's;"and, "The Circumstances of the noise complaint itself were also suspicious" *Response,* P 5. meet any of the tests set forth above either by the Sixth Circuit of *Monell.*  As stated above, Plaintiff has not provided any recurring incidents involving the represented officers nor has he provided any documentation supporting his above averments.  East Cleveland police constitutional violations in the four corners of *Complaint* or *Response* are insufficient to sustain this action. Rumor, inuendo or hyperbole do not suffice to sustain municipal liability nor managerial liability by Chief Gardner.

Although Plaintiff claims he has been 'specific' in his allegations of *Monell* liability as to the City and the Police Chief, his allegations are only supported by "allegations" *Id., Response*.

Recognizing that his pleadings were general, not specific, Plaintiff implores the Court to overlook that lack by stretching the anemic allegations in the Complaint by claiming, "…the complaint recounts numerous [fantasy] adverse actions…that would "deter a person of ordinary firmness" from exercising his First Amendment rights."  Again, if he had complied with the requirements for a permit, with the prohibitions against illegal parking of a commercial van; and, if he given officers the keys after the aforementioned abrogations, :he would have avoided his self-inflicted monetary loss.  "Clearly, conclusory allegations are insufficient and cannot sustain his claim.

## DEFENSE ELEMENTS FOR SUMMARY JUDGMENT ARE MET PER FED.R.CIV.P.56

The U.S. Supreme Court in *Saucier v. Katz, 533 U.S. 194 (2001)*, a Qualified Immunity ruling should be made early in the proceedings so that the cost and expenses of trial are avoided where the defense is dispositive.  *Citing Mitchell v. Forsyth,* 472 U.S. 511.  A qualified immunity ruling requires an analysis not susceptible of fusion with the question whether unreasonable force was used in making the arrest. *Anderson v. Creighton*, 483 U.S. 635.  The initial inquiry is whether a constitutional right would have been violated on the facts alleged, for if no right would have been violated, there is no need for further inquiry into immunity.  Then, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is whether the right was clearly established.  This inquiry must be undertaken in light of the case's specific context, not as a broad general proposition

The relevant, dispositive inquiry is whether it would be clear to a reasonable officer that the conduct was unlawful in the situation he confronted. *Wilson v. Layne,* 526 U.S. 603, 615.

In the throes of wrestling with a wildly combative Plaintiff, Officers, it is evident that Officers Warner-Sims, Berry and Gerstenberger were acting reasonably.

According to the Supreme Court in *Saucier,* to deny summary judgment if a material issue of fact remains on an excessive force claim, could undermine the goal of qualified immunity to avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment.  *Harlow, supra.*  If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate.  *Graham, Id.* sets forth factors relevant to the merits of a constitutional excessive force claim, which include the severity of the crime, whether the suspect poses a threat to the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id. at* 396.  If an officer reasonably, mistakenly, believed that a suspect was likely to fight back, the *Saucier* Court opined that the officer would be justified in using more force than in fact was needed.  The qualified immunity inquiry's concern, on the other hand, is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct.  An officer might correctly perceive all of the relevant facts, but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances.

Hence, according to the U.S. Supreme Court, even if a constitutional violation occurred under the alleged facts, the question is whether this general prohibition was the source for clearly established law that was contravened in the circumstances.  *Rivas-Villegas, Id.*; *City of Tahlequah, Oklahoma. Id. Also see, Evans v. Jay Instrument & Specialty Co*., 889 F.Supp. 302,

11

310 (S.D.Ohio 1995) ("`bald self-serving and conclusory allegations are insufficient to withstand a motion for summary judgment'").

## <u>CONCLUSION</u>

Based on the foregoing factual review, and making every reasonable inference in favor of Plaintiff's *Complaint* and *Response* it is again urged that this Court may only find that the Plaintiff can prove no set of facts which would be sufficient to defeat the grant of immunity provided to the City as well as Defendant Officers Gardner, Gerstenberger, Berry and Warner-Sims as political subdivision employees.  This Court should therefore find that Plaintiff's Complaint fails to state a claim upon which relief may be granted; and accordingly as to them, this Court should enter an Order dismissing Plaintiff's Complaint with prejudice; or, alternatively, this Court is respectfully urged to find that the conditions precedent to summary judgment have been met. and, Defendant being entitled to judgment as a matter of law, the Court should render a summary judgment in Defendants favor.

Respectfully submitted,

/s/ *Willa M. Hemmons*
Willa M. Hemmons (0041790)
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
whemmons@eastcleveland.org
Counsel for City of East Cleveland, Gerstenberger,
Gardner, Berry,  and Warner-Sims

12

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Defendant's Reply Brief* was electronically filed with the Court on this 5th day of August, 2022; and that through the Court's electronic notification system a notice of such filing is provided to counsel for Plaintiffs).

*/s/ Willa M. Hemmons*
Willa M. Hemmons (0041790)

13