**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**Eastern Division**

| | |
|---|---|
| WILLIAM FAMBROUGH, | |
| *Plaintiff*, | Civil Case No. 1:22-cv-00992-BMB |
| v. | |
| THE CITY OF EAST CLEVELAND, OHIO; MAYOR BRANDON KING, in his individual capacity; CHIEF OF POLICE SCOTT GARDNER, in his individual capacity; LAW DIRECTOR WILLA HEMMONS, in her individual capacity; ASSISTANT LAW DIRECTOR HEATHER McCOLLOUGH, in her individual capacity; OFFICER MARK ALLEN, in his individual capacity; CAPTAIN KENNETH LUNDY, in his individual capacity; OFFICER ANDREW MAJERCIK, in his individual capacity; OFFICER WILLIAM NEVELS, in his individual capacity; OFFICER KYLE WOOD, in his individual capacity; and JOHN DOES I-X, | Judge Bridget Meehan Brennan Magistrate Judge Thomas M. Parker |
| *Defendants*. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT SCOTT GARDNER**

PROPOUNDING PARTY:        Plaintiff William Fambrough

RESPONDING PARTY:        Defendant Scott Garnder

SET NUMBER:        One (1)

Pursuant to Rules 26 and 34 of Federal Rules of Civil Procedure, Plaintiff William Fambrough requests that Defendant Scott Gardner produce and/or permit Plaintiff to inspect and copy or cause to be copied the documents and tangible items specified below. Defendant Gardner shall make such production within thirty (30) days of service hereof, at the offices of Institute for

Justice, 901 North Glebe Road, Suite 900, Arlington, VA 22203, or such other place mutually agreed upon by the parties.

These requests are deemed to be continuing.  With respect to any of the following requests or parts thereof as to which Defendant Gardner, after answering, acquires or discovers additional knowledge or information which is responsive thereto, Defendant Gardner shall serve upon Plaintiff supplemental items in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, no more than thirty (30) days after Defendant Gardner discovers or acquires such documents or tangible items. Where not self-evident, Defendant Gardner shall provide an explanation as to how such items came to its attention and why such items were not produced with its initial responses.

## **DEFINITIONS**

1. "And" means "and/or."

2. "And/or" is a connection between grammatically coordinate words, phrases, or clauses meaning "as well as," "in addition to," and "also," unless applying this meaning would exclude material that would otherwise be included by using "alternatively" or simply "or." The term shall in all cases be read as broadly as possible to bring within the scope of every request all material that could possibly be called for by the request, notwithstanding any reading of the term that could narrow the scope of the request.

3. "The City" or "East Cleveland" means the City of East Cleveland, Ohio. This definition includes all appointed and elected officials, agents, employees, subsidiaries, affiliates, staff, and anyone else acting on its behalf—past or present.

4. "Communication" means any oral or written transmittal of information, by and to whomever made, including, but not limited to, correspondence (including electronic correspondence), dialogues, meetings, discussions, interview, consultations, agreements, text messages, voicemails, and all other understandings between or among two or more persons.

5. "Concerning" means relating to, referring to, regarding, describing, evidencing, or constituting.

6. "Describe" means to answer in complete detail and not simply to state an answer in summary or outline fashion; it includes without limitation narrating, relating, or depicting a series of events, including identifying the parties involved, where the events took place, and when and how the events unfolded.

7. "Document" means any medium containing information in the broad sense of Federal Rule of Civil Procedure 34(a), including the original or copy of documents or electronically stored information such as drawings, graphs, charts, photographs, sound recordings, images, data, data compilations, electronic mail, text messages, and voicemails. A draft or non-identical copy of a document (including copies bearing distinct annotations or comments) is a separate document.

8. "Parking Ordinance" means East Cleveland Code of Ordinances § 351.11.

9. "Noise Ordinance" means East Cleveland Code of Ordinances § 509.15.

10. "Permit Ordinance" means East Cleveland Code or Ordinances § 311.02.

11. "Identify" means:

   a. when used in conjunction with a person or other entity: to provide the name, address, telephone number, and e-mail address of the person or entity; and for a person, the current place of employment, if known;

   b. when used in reference to documents: to specify the contents of the documents in sufficient detail (e.g., title of document, author, date prepared, and description of contents) to permit a person to locate and recognize the document. Please identify the current custodian of each document by providing that person's name, address, telephone number, and e-mail address;

   c. when used with respect to a date, event, thing, or set of facts: to describe with specificity the facts, event, date, or thing sought through the request, including where applicable, the month, day, year, name, general description, and any other facts necessary to make the response complete.

12. "Including" and "includes" should not be read as limiting terms; instead, "including" means "including, but not limited to," and "includes" means "includes, but is not limited to."

13. "Or" means "and/or."

14. "Person" means any natural individual, corporation, limited liability company, partnership, limited partnership, proprietorship, joint venture, association, organization, group of persons, and any other business, legal, or government entity or institution.

15. "Relating or referring" means having a connection to, referencing, addressing, concerning, describing, evidencing, and/or constituting, whether the connection is direct or indirect.

16. "You" or "Your" mean the responding party.

17. The terms "all" and "each" shall be construed as all and each so as to provide the fullest breadth of meaning.

18. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. For each of the requests below, you must produce not only those responsive documents in your actual possession, custody, or control, but also documents of which you have constructive possession, custody, or control, including those in the possession, custody, or control of your attorneys, agents, employees, or other persons acting on your behalf. Put differently, if you have a right to demand a document that is currently in the possession of another, that document is subject to disclosure.

2. For each of the requests below, you must produce all responsive documents that are in your actual or constructive possession, custody, or control, in your personal or official capacity.

3. If a document is no longer in your custody or possession and no longer subject to your control, please (a) describe the efforts made to locate the document; (b) state when that document was most recently in your custody, possession, or control, and what disposition was made of it; and (c) identify the location of the document and who has control of the document.

4. In the event you are unable to produce some of the documents called for in a particular request, produce all of the documents you are able to produce and explain the reason(s) for your inability to produce the remaining documents.

5. Any objections to these requests for production must state in writing the specific nature of the objection and the reasons for it. Federal Rule of Civil Procedure Rule 34(b) provides that you must serve any objections within 30 days. Documents that you do not object to producing must be produced within 30 days.

6. If you are withholding any document under a claim of privilege, please furnish a privilege log identifying each document for which you claim a privilege, together with the following information: (a) the date of the document, (b) the author of the document, (c) the sender of the document, (d) the recipient of the document, (e) the persons to whom copies were furnished (including their job titles and relationships to the sender), (f) the subject matter of the document, and (g) the basis on which you claim a privilege.

7. If only a part of a request is objectionable, please produce documents responsive to the unobjectionable portion of that request.

8. These requests are continuing in nature. If at any time after service of your responses, you become aware of additional information pertaining to any of these requests, please serve such supplemental responses and productions as necessary to update your previous responses and productions.

9. If any of these requests is unclear, please contact Plaintiff's counsel. Plaintiff's counsel stand ready to clarify the scope of these requests and work with the Defendants to conduct just and expeditious discovery.

## REQUESTS FOR PRODCUTION

**Request for Production No. 1:**

All Communications—including all emails, text messages, and voicemails—of Yours concerning Plaintiff William Fambrough or that mention Plaintiff William Fambrough.

**Response:**


**Request for Production No. 2:**

All Communications—including all emails, text messages, and voicemails—of Yours concerning Juanita Gowdy's 2021 mayoral campaign..

**Response:**


**Request for Production No. 3:**

All documents—including any Communications—of Yours concerning the enforcement of the Parking Ordinance or Noise Ordinance against Plaintiff William Fambrough in 2021.

**Response:**


**Request for Production No. 4:**

All documents—including any Communications—related to the police or law department interactions with or enforcement against Plaintiff William Fambrough on May 14, May 17, July 27, August 18, or September 23, 2021.

**Response:**

**Request for Production No. 4:**

All documents You contend support Your assertion of qualified immunity.

**Response:**


**Request for Production No. 5:**

All documents that You contend demonstrate Your "strong policies adverse to the use of excessive force" referenced on page 6 of the Defendant's Motion to Dismiss, or In the Alternative for Summary Judgment (ECF 19), as they existed between May and August 2021.

**Response:**

September 29, 2022

Respectfully submitted,

/s/ *Benjamin A. Field*
Benjamin A. Field*
Caroline Grace Brothers*
Brian A. Morris (Bar No. 0093530)
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
Phone:     (703) 682-9320
Facsimile:  (703) 682-9321
bfield@ij.org
cgbrothers@ij.org
bmorris@ij.org

Jeffrey Rowes*
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 960
Austin, TX 78701
Phone:     (512) 480-5936
Facsimile:  (512) 480-5937
jrowes@ij.org

*Counsel for Plaintiff*

*\*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2022, the foregoing was served on all counsel of record via electronic mail.

/s/ *Benjamin A. Field*
Benjamin A. Field

*Counsel for Plaintiff*