UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM FAMBROUGH, ) | |
| ) | CASE NO. 1:22-cv-00992 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BRIDGET MEEHAN BRENNAN |
| ) | |
| ) | |
| CITY OF EAST CLEVELAND, *et al.*, ) | **ORDER** |
| ) | |
| Defendants. ) | |

Plaintiff filed a Complaint in this Court against the city of East Cleveland and certain of its public employees.  (Doc. No. 1.)  Defendants filed a motion to strike the Complaint.  (Doc. No. 14.)[1]  Plaintiff filed an opposition to the motion to strike.  (Doc. No. 18.)  Defendants did not file a reply.

Defendants' motion asked the Court to strike the Complaint "inasmuch as none of the purported attorneys, Benjamin A. Field, Caroline Grace Brothers of Arlington, VA nor Jeffrey Rowes of Austin, TX have complied with Rule 83.5 (h) pursuant to 28 U.S.C. §174b, for *pro hac vice* admission to be permitted to appear and participate in a particular case.  Hence, the matter is not properly before this Court."  (Doc. No. 14 at PageID# 112-13.)

Plaintiff points out "that that the attorney who electronically signed and filed the complaint, Brian A. Morris, was and is admitted to this Court and is in good standing.  Morris is also admitted to the Ohio bar and is in good standing."  (Doc. No. 18 at PageID# 150 (citations omitted).)  The exhibits to Plaintiff's opposition brief confirm that his assertions as to lead

---

[1] Defendants subsequently answered the Complaint (Doc. No. 22), as well as filed a motion seeking dismissal under Rule 12(b)(6) or summary judgment under Rule 56 (Doc. No. 19).

attorney Brian A. Morris' status and qualification were accurate. (*See* Doc. Nos. 18-1 & 18-2.)

Attorney Morris signed the Complaint. (Doc. No. 1 at PageID# 50.) Because he was a member of the bar of this Court and admitted to practice in the State of Ohio, Morris was authorized to practice in this Court at the time the Complaint was filed. *See* Local R. 83.5(b).

The Complaint, which was filed in June 2022, listed other additional attorneys from outside Ohio who would co-represent Plaintiff and each was designated with the notation "*Pro hac vice applications to be filed*." (Doc. No. 1 at PageID# 50.) After the case had been filed, received a case number, and was on the electronic docket, those additional attorneys filed motions for *pro hac vice* status, which were granted as to each. (*See* Doc. Nos. 15-17 and related docket entries dated June 28, 2022.)

The Complaint was not improperly filed or defective here because lead counsel Morris, who signed the pleading, was admitted and in good standing at the time of filing.

The listing of other attorney names in the Complaint with a notation indicating that *pro hac vice* applications will be filed subsequently is a permissible practice. *See* L. Rule 83.5(h). It is also a sound approach because when a new complaint is initially assigned to a judge, the Court can review the names of *all* attorneys initially expected to participate, which is important for conflict-check purposes.

For the reasons above, Defendants' motion to strike is DENIED. (Doc. No. 14.)

**IT IS SO ORDERED.**

Date: January 23, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE