UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM FAMBROUGH, | ) | |
| | ) | CASE NO. 1:22-cv-00992 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| | ) | |
| CITY OF EAST CLEVELAND, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

For the reasons set forth below, the Court orders the parties to submit additional briefing setting forth their respective positions with regard to issues that have come to light based on the Court's review of the parties' pending motions.

## I. Procedural Background

Plaintiff filed a Complaint in this Court against the city of East Cleveland and certain of its public employees. (Doc. No. 1.) The five counts are brought under 42 U.S.C. § 1983 and allege various constitutional deprivations. (*Id.* at ¶¶ 192-268.) The Complaint seeks compensatory and punitive damages as well as declaratory and injunctive relief. (*Id.* at PageID# 49.) Defendants jointly filed an Answer. (Doc. No. 22.)

The Defendants filed a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. (Doc. No. 19.) Plaintiff responded to that motion (Doc. No. 25), and Defendants replied (Doc. No. 27).

Defendants filed a copy of their Rule 26(a) disclosures. (Doc. No. 24.) Plaintiff filed a motion pursuant to Rule 56(d) explaining a need for discovery. (Doc. No. 26.) The parties also filed and addressed supplemental case law authority. (Doc. Nos. 28-31.)

1

Attorneys in the city of East Cleveland's law department Willa Hemmons ("Hemmons") and Heather McCollough ("McCullough") are named as Defendants. (Doc. No. 1 at ¶¶ 15-16.)

Hemmons signed papers and pleadings on behalf of all Defendants. (*E.g.,* Doc. No. 19 at PageID# 171-72 & Doc. No. 22 at PageID# 194.) As of the date of this Order, McCollough was not listed on the Court's electronic docket listing of counsel for any party. However, Hemmons and McCollough both jointly filed a motion for leave to withdraw as counsel for Defendant Scott Gardner. (Doc. No. 32.)

## II. Fact Allegations Pertinent to the Additional Briefing Topics

Plaintiff William Fambrough lives in East Cleveland and alleges that for around fifteen years he parked his step van at his home without question or incident. (Doc. No. 1 at ¶¶ 1-2.) Several times in the past he used this van – with sound equipment and signs attached – to drive around East Cleveland to broadcast pre-recorded messages in support of political candidates. (*Id.*) But in 2021, when he used the van to campaign for a challenger against the incumbent mayor, Fambrough claims that defendants retaliated. (*Id.* at ¶¶ 3-4.)

In the interest of brevity, the Court will not review all the facts alleged. It suffices for present purposes to point out two notable matters that were pled.

### A. Law Department Defendants

The law department defendants Hemmons and McCollough figure prominently in the Complaint. (*See* Doc. No. 1 at ¶¶ 15-16, 36-40, 149-51, 190, 197-202, 226-27, *et al.*) Assistant law director McCollough is alleged to be the person who tied Fambrough's prosecution to his political activity. (*Id.* at ¶¶ 5, 154-66, 180.) She and Hemmons selectively enforced a noise ordinance and directed the retaliation, the Complaint contends. (*Id.* at ¶¶ 188-90, 202, 209, 214, 247(b), 268.)

> As law director – with authority to supervise and control the law department – Willa Hemmons is a municipal policymaker, at least for the policies of the law department. The scheme described in this complaint, which she either directed or at least ratified, represents official City policy. Hemmons is responsible for her subordinate McCollough.

(*Id.* at ¶ 226.)

In Defendants' Rule 26(a) disclosures, which Hemmons signed, McCollough is listed as a a person likely to have discoverable information. (Doc. No. 24 at PageID# 203.) So, too, is former police chief Scott Gardner. (*Id.* at PageID# 202.) Hemmons and McCollough had represented Gardner in connection with this case.

Hemmons and McCollough seek leave to withdraw as counsel solely as to Gardner. (Doc. No. 32.) The former police chief was indicted for various crimes, some of which allegedly victimized East Cleveland. (*Id.* at PageID# 349.) "This situation renders representation by the City's law director and assistant law director (also named defendants in the instant matter [*sic*] a violation of Ohio R. Prof. Conduct 1.7." (*Id.*) Hemmons and McCollough argue that because Gardner is not indigent, "withdrawal can be accomplished without material adverse effect on the interests of the client." (*Id.* at PageID# 350.)

### B. State and Local Court Matters

Plaintiff pled regarding two sets of state court cases related to this federal action.

#### 1. Plaintiff Sought Civil Protection Orders

On September 2, 2021, Fambrough filed petitions in the Court of Common Pleas for Cuyahoga County for civil protection orders against the mayor and police chief of East Cleveland. (Doc. No. 1 at ¶¶ 144-51.)

> He attached a statement that he had written on August 18 that detailed each visit he had received from the police between May 14, 2021, and August 18, 2021, the citations he had received, and that his truck had been towed. He explained that he believed he was being "singled out and discriminated against because I don't

3

support Brandon King for Mayor in this year's upcoming election [because] I support Juanita Gowdy for Mayor and choose to work within her campaign."

William also explained that he believed that "Brandon King" and the "police department[] are motivated by politics and a desire to stop Juanita Gowdy's campaign, by any means necessary," and he pleaded for the "East Cleveland Police to cease and desist this harassment and intimidation, immediately, so I can work to help Juanita Gowdy win her campaign against Brandon King."

(*Id.* at ¶¶ 146-47 (quotation marks and brackets in original).) "The magistrate judge denied the petitions for protection orders . . . ." (*Id.* at 149; *see also* Doc. No. 24 at PageID# 206-18.)

### 2. Plaintiff Pled 'No Contest' to a Criminal Citation

Police issued a citation, complaint and summons to Fambrough for 'noise pollution' in violation of a local noise ordinance. (Doc. No. 1 at ¶¶ 126-29 & 153.) Fambrough "ultimately agreed to a plea of no contest to a reduced charge of disorderly conduct" and "signed the plea form." (*Id.* at ¶¶ 164-65.) "As a result of the noise complaint he received, William had to plead guilty to a misdemeanor . . . ." (*Id.* at ¶ 178.)

### III. <u>Issues for Additional Briefing</u>

"The party presentation principle is supple, not ironclad. There are no doubt circumstances in which a modest initiating role for a court is appropriate." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). "This is one such time." *Radke v. Monroe Cnty.*, No. 19-2331, 2021 WL 4523703, at *2 & at n.5 (6th Cir. Oct. 4, 2021) (reframing issues related to the application of quasi-jurisdictional questions under *Heck v. Humphrey* and the *Rooker-Feldman* doctrine).

The pleadings and papers submitted thus far reveal fundamental concerns going to the fair representation of the defendants, as well as the Court's authority to hear and rule upon aspects of the plaintiff's case.

### A. Attorney Representation and Conflicts

Local Rule 83.7(a) provides that "[a]ttorneys admitted to practice in this Court shall be bound by the ethical standards of the Ohio Rules of Professional Conduct adopted by the Supreme Court of the State of Ohio[.]" *Farnhurst, LLC v. City of Macedonia*, No. 5:13-CV-668, 2015 WL 6758223, at *3 n.12 (N.D. Ohio Nov. 5, 2015).

There is a question whether named defendants Hemmons and McCollough may represent any other defendants in the same action. The Sixth Circuit is "aware of the great potential for conflict in this field. For this reason . . . there is a need for sensitivity to the risk of conflict in § 1983 suits, and that the judge and the parties have joint responsibility to guard interests that are actually threatened." *Gordon v. Norman*, 788 F.2d 1194, 1199 (6th Cir. 1986) (quotation and citation omitted).

The conflict risks in this context are several. *See generally* Ohio R. Professional Conduct 1.2(e), 1.7, 1.8(b), 1.8(f), 1.8(g), 1.8(k), 1.11, 1.13; *Dunton v. Suffolk Cnty., State of N.Y.*, 729 F.2d 903, 910 (2d Cir.), *amended*, 748 F.2d 69 (2d Cir. 1984); *Shadid v. Jackson*, 521 F. Supp. 87 (E.D. Tex. 1981); *Woodard v. Long & Foster Real Est.*, No. CIV.A. 85-3502, 1986 WL 8702 (D.D.C. May 15, 1986); *Carrero v. Farrelly*, 280 F. Supp. 3d 774, 776-80 (D. Md. 2017); *Manfredi v. Town of Greenburgh*, No. 08-CV-7572, 2009 WL 10739943 (S.D.N.Y. Apr. 3, 2009).

Even if conflicts could be avoided or waived – or even if Hemmons or McCollough was found immune from suit – both are likely to be key witnesses. *See generally* Ohio R. Professional Conduct 3.7; *Farnhurst*, 2015 WL 6758223 at *4. The parties here demanded a jury, so the risk of confusion is greater. (*See* Doc. No. 22 at PageID# 188.)

## B. State Court Proceedings and § 1983

It appears that some of the contentions or claims made by Fambrough in this Court were already made to an Ohio state court in petitions for civil protection orders – and were rejected. There is a question whether Fambrough might be coming to this Court in a quasi-appellate posture, which this Court does not have jurisdiction to provide in light of the *Rooker-Feldman* doctrine. *See generally RLR Invs., LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 862 (2022); *Thomas v. Eby*, 481 F.3d 434, 436-38 (6th Cir. 2007).

Equally important to sort through are the implications or consequences Fambrough's choice to plead no contest and take a guilty verdict on a disorderly conduct charge in state court. Aspects of the present federal case that imply the invalidity of his state court conviction may be barred. *See generally Heck v. Humphrey*, 512 U.S. 477 (1994); *Spencer v. Kemna*, 523 U.S. 1 (1998); *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592 (6th Cir. 2007); *Cummings v. City of Akron*, 418 F.3d 676 (6th Cir. 2005); *Arrington v. City of Los Angeles*, No. 16-56755, 2021 WL 4168156 (9th Cir. Sept. 14, 2021), *cert. denied*, 143 S. Ct. 210 (2022); *Nice v. City of Akron*, No. 5:18-CV-1565, 2019 WL 3500943 (N.D. Ohio Aug. 1, 2019).

## IV. Procedure

The parties are hereby directed to submit briefing that articulates their respective positions on the following subjects:

  a) Hemmons' ability to represent any other named defendants in this matter when she is either a co-defendant or a former defendant;
  b) McCollough's ability to represent any other named defendants in this matter when she is either a co-defendant or a former defendant;
  c) whether Hemmons and McCollough may be deposed or called as trial witnesses;

d)  whether all or part of Fambrough's Complaint would be barred by:

  i. the *Rooker-Feldman* doctrine; or

  ii. *Heck v. Humphrey* and its progeny; and

e)  whether and how the *Heck* doctrine applies in connection with the probable cause rule for First Amendment retaliation claims articulated in *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).[1]

Each side shall file one brief addressing those issues on or before February 13, 2023, which shall not exceed twenty (20) pages.

Each side may file one brief in response to the other side's opening brief on or before February 27, 2023, which shall not exceed twenty (20) pages.

Each side may file one reply on or before March 6, 2023, which shall not exceed ten (10) pages.

**IT IS SO ORDERED.**

Date: January 30, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

---

[1] The parties' prior submissions appear to have touched on *Nieves*, but not explored how it interplays with *Heck*.