UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM FAMBROUGH, *et al.*, | ) |
| | )     CASE NO. 1:22-cv-992 |
| Plaintiffs, | ) |
| | )     JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) |
| | ) |
| CITY OF EAST CLEVELAND, *et al.* | )     **<u>ORDER</u>** |
| | ) |
| Defendants. | ) |

Before the Court is Plaintiffs' Motion for Entry of a Final Judgment Under Rule 54(b) or, in the Alternative, Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b). (Doc. No. 74.) Defendants (not including Scott Gardner) filed a brief in opposition (Doc. No. 79), and Plaintiff replied (Doc. No. 81).

### I.    Background

This Court's prior opinions in this matter set forth the factual and procedural background of this litigation as well as the Court's determinations about the plausibility of certain causes of action brought against some of the named defendants. (Doc. Nos. 56, 71.) The Court will not restate the background here.

### II.    Analysis

#### A.   Rule 54(b)

Rule 54(b) is intended "to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Day v. NLO, Inc.*, 3 F.3d

1

153, 155 (6th Cir. 1993) (quoting Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2654 (1983)). In striking this balance the court should consider relevant factors including,

(1) the closeness of the relationship among the causes of action,
(2) the possibility that the need for review might or might not be mooted by future developments in the district court,
(3) the possibility that the reviewing court might be obliged to consider the same issue a second time; . . .
(4) delay,
(5) expense, and
(6) the relative frivolity of the claims.

*Id.* (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)) (numerals added).

### 1. Commonality

Here, the interlocutory appeal issues would be substantially similar to the issues in any appeal after judgment. "A similarity of legal or factual issues will weigh heavily against entry of judgment under Rule 54(b)." *Novacor Chemicals Inc. v. GAF Corp.*, 164 F.R.D. 640, 647 (E.D. Tenn. 1996) (quoting *Morrison–Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

This Court dismissed the First Amendment retaliation claim in Count One brought against the individual employees of East Cleveland. However, the Court did not dismiss the virtually identical retaliation claim against the City in Count Two. (*Compare* Doc. No. 44 at ¶¶ 224-47) *with id.* ¶¶ 248-50.) To illustrate the overlap of the factual and legal issues, one need only review Plaintiffs' allegations:

> 251. This scheme was part of an official policy or custom that was deliberate, executed over the course of several months, and pervasive throughout the police department and law department. It was not like an on-the-spot decision to arrest sometimes made by individual officers in split-second situations.
>
> 252. The actions of the Individual Defendants are attributable to the City. Several of the Individual Defendants were final policymakers with final authority, or were delegated final authority, and made a deliberate choice to adopt a course of action that retaliated against William.

> 253. At the very least, City policymakers condoned and ratified the retaliatory scheme, which took place over several months and across the police department and law department.

(Doc. No. 44 at ¶¶ 251-53.) Plaintiffs pleaded one-by one how the dismissed policymaking defendants' actions should be ascribed to the City. (*Id.* ¶¶ 254-57.) In addition to their own conduct, Count Two asserts that those policymakers ratified the police officers' retaliatory conduct and adopted it as City policy. (*Id.* ¶ 258.) "Through the Individual Defendants, East Cleveland adopted and enforced an official policy or custom to retaliate' against Plaintiff based on his support for a mayoral challenger. (*Id.* ¶ 249.) In sum, the fact matters and legal issues that Plaintiffs seek to appeal in Count One are *the same* as what Plaintiffs say they will rely upon at trial to prove their *Monell* claim in Count Two.

As for the Fourteenth Amendment selective enforcement claim in Count Four, Plaintiffs explicitly pleaded that the basis is the same as the claim in Count One. (*See id.* ¶¶ 281-82.) Although the Court dismissed the other individual defendants from Count Four, the Court did not dismiss the mayor's chief of staff Michael Smedley. The Complaint alleges that the dismissed individual defendants were acting at the direction or suggestion of Smedley, who purportedly selected and targeted Plaintiff William Fambrough. (*See id*. ¶¶ 38, 112-29.) Even though the other individual defendants were dismissed as parties, their respective actions still may be introduced as grounds for the claim against Smedley, who allegedly instigated them. (*See id.*) Moreover, evidence of those dismissed individual defendants' actions may be introduced by Plaintiffs in support of their *Monell* claim against the City in Count Four. (*See id.* ¶¶ 208-20

(detailing the relationship between the individual defendants' selective enforcement and a coordinated City policy).)[1]

In sum, the similarity of the fact matters and legal issues between the dismissed claims and the still-pending claims weighs against certification under Rule 54(b).

### 2. Potential Mootness

Given the overlap described above, there is a considerable possibility that the upcoming trial could moot issues that Plaintiffs seek to appeal now. For example, individual police officer defendants might testify at trial that they had no personal animosity against Plaintiffs and merely acted pursuant to a directive from superiors to enforce the parking and permit ordinances against Plaintiffs. In that event, although such testimony might bolster the *Monell* claim, it may also rule out liability for the dismissed individual defendant. *See generally Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011); *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 542 (6th Cir. 2008) ("Where . . . the district court is faced with multiple defendants asserting qualified immunity defenses, the court should consider whether each individual defendant had a sufficiently culpable state of mind."); *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005) ("[The] subjective component must be addressed for each officer individually.").

Because the dismissed defendants still may be called as witnesses, it is possible that a trial in this matter could render moot some of the individual claims that Plaintiffs seek to appeal. This factor weighs against certification under Rule 54(b).

### 3. Repetition

The dismissed individual defendants all were employed by the City. Their respective actions likely will be introduced at trial as evidence to show the existence of a retaliatory City

---

[1] The motion does not discuss the property seizure claim in Count Five.

policy and selective enforcement of local laws. Accordingly, the Sixth Circuit would be required to address the same factual matters and evidence in two appeals. This factor weighs against certification under Rule 54(b).

### 4. Delay

Granting relief would result in delay because Plaintiffs admit that if such an appeal were granted, they would then seek to stay proceedings in this court. (Doc. No. 74 at 1158.) This factor weighs against certification under Rule 54(b).

### 5. Expense

Granting relief would add to defense costs because the City would be forced to litigate the same subjects in two courts at the same time. This factor weighs against certification under Rule 54(b).

### 6. Frivolity

It does not appear that there would be a good faith basis to maintain the First Amendment facial attack on East Cleveland's permit rules and parking laws in Count Three.

If the Sixth Circuit analyzes the merits of the constitutional claims and reaches conclusions different from this Court, Plaintiffs' motion does not show how that would change the qualified immunity defense. Plaintiffs never assert that a decision in an interlocutory appeal now would change the clearly established law as of 2021, when the events at issue occurred. In fact, Plaintiffs argue that reasonable jurists today can and do disagree on the legal questions that would be raised in the proposed interlocutory appeal. (*See* Doc. 74 at 1158, 1162, 1169, 1171.) This factor weighs against certification under Rule 54(b).

### B. Section 1292(b)

"Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

The Court recognizes that the United States Supreme Court recently granted *certiorari* on the issue of probable cause in First Amendment retaliation claims and evidentiary proofs related thereto. *See Gonzalez v. Trevino*, No. 22-1025, 2023 WL 6780371 (U.S. Oct. 13, 2023). By June 2024 when the Court terms ends, the questions of law that Plaintiffs' motion addresses could be reframed by a new Supreme Court decision. But as of now, the Plaintiffs have not carried their burden to show that an immediate appeal would materially advance the ultimate termination of the litigation.

### C. District Court Discretion

"By utilizing Rule 54(b), a district court may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims . . . ." *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (quotation omitted). This Court has considered the factors prescribed by the Sixth Circuit, which recognizes this Court's discretion. *See id.* at 1284 (holding that "the absence of an independent analysis by the district court of the competing factors relevant to Rule 54(b) certification nullifies any deference due the district court's Rule 54(b) order").

This Court takes guidance from the Sixth Circuit's discussion in *Corrosioneering* of the factors for certification of an immediate appeal . On balance, those factors do not justify certification here under either Rule 54(b) or Section 1292(b).

6

### III. Conclusion

For the reasons stated herein, Plaintiffs' Motion for Entry of a Final Judgment Under Rule 54(b) or, in the Alternative, Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) is DENIED.

**IT IS SO ORDERED.**

Date: October 23, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE